PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LUIS MANUEL RODRIGUEZ-RODRIGUEZ, | ) | |
| | ) | CASE NO.  3:26-cv-667 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KEVIN RAYCRAFT *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondents. | ) | **AND ORDER** |
| | ) | [Resolving ECF No. 4] |

Petitioner Luis Manuel Rodriquez Rodriguez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking relief from his allegedly unlawful arrest and detention by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE"). ECF No. 1.  Respondents filed a Motion to Dismiss (ECF No. 4) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The Motion is fully briefed.  Pet. Response Br., ECF No. 5; Resp. Reply Br., ECF No. 6.  Respondents subsequently filed a Notice of Significant Developments (ECF No. 7), reporting that an immigration judge is permitting Petitioner to voluntary depart under safeguards. Petitioner replied.  ECF No. 8.  Being duly advised, having reviewed the parties' briefs and the applicable law, Respondents' Motion to Dismiss (ECF No. 4) is denied for the reasons herein. Considering the Notice of Significant Developments, however, the Petition for Writ of Habeas Corpus (ECF No. 1) is denied as moot.

(3:26CV667)

## I.        FACTUAL AND PROCEDURAL BACKGROUND

### A.  Removal Proceedings and Detention

Petitioner is a 35-year-old citizen of the Dominican Republic.  He arrived in the United States on or about November 26, 2022, at or near a port of entry in San Luis, Arizona.  ECF No. 1-4 at PageID #: 36.  He was apprehended and briefly detained by immigration authorities before being released on parole pursuant to "212(d)(5)."  ECF No. 1 at PageID #: 8, ⅌ 30; ECF No. 1-3.  Petitioner then moved to Detroit, Michigan to live with his wife (a U.S. citizen) and their two minor children (also U.S. citizens).  ECF No. 1 at PageID #: 8, ⅌ 29.

Nearly a year later, on November 20, 2023, DHS served Petitioner with a Form I-200, Warrant for Arrest, pursuant to 8 U.S.C. § 1226(a), and a Notice to Appear for removal proceedings under 8 U.S.C. § 1229a (*i.e.*, regular removal proceedings).[1]  ECF No. 1 at PageID #: 8, ⅌ 31.  The Notice to Appear indicated that Petitioner was "an alien present in the United States who has not been admitted or paroled."  ECF No. 1-4 at PageID #: 36.  The record then jumps to March 1, 2026, when Petitioner was arrested during a traffic stop and subsequently detained by ICE.  ECF No. 1 at PageID #: 9, ⅌ 32.  Petitioner filed the present action on March 4, 2026, claiming Respondents unlawfully denied him without a bond hearing.  Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 and, therefore, not entitled to a bond hearing.

---

[1] The 2023 Notice to Appear set Petitioner's removal hearing for November 26, 2025.  ECF No. 1-4.  Nothing in the record indicates whether Petitioner appeared at this hearing or if the Warrant for Arrest (which was not provided to the Court) was executed.

(3:26CV667)

### B. Voluntary Deportation Order

On April 30, 2026, Respondents notified the Court that, in lieu of removal, Petitioner applied for pre-conclusion voluntary departure under Section 240B(a) of the Immigration and Nationality Act. ECF No. 7. The immigration judge granted the application and ordered Petitioner to voluntarily depart by May 28, 2026 "under safeguards." ECF No. 7-1. Petitioner argues that the voluntary departure order does not moot his claims and that he is still entitled to a bond hearing under § 1226(a). ECF No. 8.

## II.        DISCUSSION

### A. Jurisdiction and Exhaustion of Remedies

At first, Respondents argued Petitioner failed to exhaust administrative remedies. ECF No. 4 at PageID #: 72–73. In their Notice of Significant Developments (ECF No. 7), however, they informed the Court that he agreed to voluntarily deportation and waiver of his appellate rights. ECF No. 7 at PageID #: 101. Respondents contend this development moots their exhaustion argument. The Court agrees and moves to address their jurisdiction argument.

Respondents insist that 8 U.S.C. §§ 1252(g) and 1252(b)(9) bar the Court from reviewing Petitioner's claims. ECF No. 4 at PageID #: 69–72. The Court need not belabor the issue, having analyzed and rejected identical government arguments in similar petitions. *See E.V. v. Raycraft*, No. 4:25-cv-2069, 2025 WL 3122837, at *5–7 (N.D. Ohio Nov. 7, 2025); *Hammouda v. Dep't of Homeland Sec.*, No. 4:25-cv-2696, 2026 WL 91465, at *3 (N.D. Ohio Jan. 13, 2026); *Singh v. Stevens*, --- F. Supp. 3d ---, No. 3:26-cv-133, 2026 WL 456489, at *2–3 (N.D. Ohio Feb. 18, 2026). Neither statutory provision bars judicial review of Petitioner's detention claims.

The Supreme Court has been clear that § 1252(g) only applies to three enumerated categories of removal: commencement, adjudication, and execution of removal orders. *Reno v.*

3

(3:26CV667)

*Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999).  Here, Petitioner challenges the lawfulness of his detention without a bond hearing, not his removal.  *See* ECF No. 1.  Therefore, § 1252(g) does not bar the Court from reviewing his claims.  Similarly, § 1252(b)(9) does not strip district courts of jurisdiction to review the legality of detention under the Immigration and Nationality Act ("INA").  *See E.V.*, 2025 WL 3122837, at *6 (citing *Ochoa Ochoa v. Noem*, No. 25-CV-10865, 2025 WL 2938779, at *3 (N.D. Ill. Oct. 16, 2025)).  In this case, Petitioner challenges the legality of his mandatory detention under § 1225 instead of discretionary detention under § 1226.  Whether § 1225 requires detention without a bond hearing and applies to Petitioner does not "arise from" actions taken to remove noncitizens, nor does it disturb Respondents discretion to initiation, adjudicate, or enforce removal orders.  *E.V.*, 2025 WL 3122837, at *7 (citing *Patel v. Tindall*, 810 F. Supp. 3d 824, 829–30 (W.D. Ky 2025)).  District courts in this circuit have reached similar conclusions.  *See, e.g., Hernandez Torrealba v. Dep't of Homeland Sec.*, No. , 2026 WL 1145564, at *12–15 (N.D. Ohio Apr. 29, 2026) (Barker, J.); *Bartolon v. Bondi*, 813 F. Supp. 3d 811, 821–22 (S.D. Ohio 2025); *Guerra v. Noem*, No. 1:25-cv-1341, 2025 WL 3204289, at *3–4 (W.D. Mich. Nov. 17, 2025).  Accordingly, Respondents' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is denied.

### B.  Mandatory Detention

*1.  Petitioner's detention is now governed by the voluntary departure regulations.*

Respondents also move to dismiss under Fed. R. Civ. P. 12(b)(6).  They claim Petitioner is subject to mandatory detention under § 1225(b) because he is an "applicant for admission" and necessarily "seeking admission."  ECF No. 4 at PageID #: 77.  The Sixth Circuit recently rejected this argument.  *Lopez-Campos v. Raycraft*, --- F.4th ---, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026) (holding that noncitizen "applicants for

(3:26CV667)

admission" under § 1225(a)(1) are not necessarily "seeking admission" within the meaning of § 1225(b)(2)(A) because "seeking" requires an affirmative act or attempt to obtain lawful entry). Therefore, Respondent's mandatory detention argument fails.

Still, the question remains as to whether Petitioner's detention is governed under § 1225 or § 1226(a).  The Court need not answer it, however, because the immigration judge granted Petitioner's request to voluntarily depart pursuant to 8 U.S.C. § 1229c.  ECF No. 7-1.  Section 1226(a) states: "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained *pending a decision* on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a) (emphasis added).  Similarly, § 1225(b)(2)(A) provides that noncitizens "shall be detained for a proceeding under section 1229a of this title.  8 U.S.C. § 1225(b)(2)(A).  Once removal proceedings are concluded, detention is no longer governed by either § 1225 or § 1226(a).  *See Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) (holding that a challenge to detention under § 1226(a) was moot because the petitioner was subject to a final order of removal and detained under § 1231).

Pertinent here, § 1229c provides DHS with discretion to "allow certain qualified immigrants to voluntarily depart the country rather than face forcible removal."  *Pastor-Hernandez v. Bondi*, 155 F.4th 839, 842 (6th Cir. 2025) (citing 8 U.S.C. § 1229c(b)(1) and *Monsalvo v. Bondi*, 604 U.S. 712 (2025)).  Voluntary departure is granted "in lieu of" removal proceedings under 8 U.S.C. § 1229a, meaning that once voluntary departure is granted, a noncitizen is no longer awaiting a removal decision.  By ordering voluntary departure, the immigration judge terminated Petitioner's removal proceedings, explicitly stating he is removable based on the charges in the Notice to Appear.  ECF No. 7-1 at PageID #: 105. Accordingly, Petitioner's detention no longer falls under either § 1225(b) or § 1226(a), but under

(3:26CV667)

8 C.F.R. § 240.25(b) and 8 C.F.R. § 1240.26(b)(3)[2], mooting his request for a § 1226(a) bond hearing.  *See Hidalgo v. Bullock*, No. 2:26-cv-2217, 2026 WL 1287136, at *1 (W.D. Tenn. May 11, 2026) (Lipman, C.J.) (dismissing petitioner's habeas claims because he was not detained under § 1225 but under 8 C.F.R. § 240.25).

Petitioner resists this conclusion, arguing that "under safeguards" does not automatically mean continued detention.  ECF No. 8 at PageID #: 109.  That argument misses the mark. Whether "under safeguards" means "continued detention" in the context of voluntary departure is immaterial to the analysis and conclusion that Petitioner's removal proceedings are no longer pending and that his detention is governed by the voluntary departure regulations (8 C.F.R. § 240.25(b) and 8 C.F.R. § 1240.26(b)(3)), rather than the removal proceeding statutes (§ 1225 or § 1226(a)).  Accordingly, Petitioner's request for a bond hearing under § 1226(a) pending his removal proceedings is moot.

>    2. *The Court lacks jurisdiction to address the immigration judge's discretionary decision to impose detention pending voluntary departure.*

As with detention pending removal, judicial review of fact finding or discretionary decisions on voluntary departure is statutorily limited.  *Pastor-Hernandez*, 155 F.4th at 842 (citing *Patel v. Garland*, 596 U.S. 328, 347 (2022)); 8 U.S.C. § 1252(a)(2)(B).  A court may only review constitutional claims, questions of law, or mixed questions of law and fact.  *Id*. (citing *Wilkinson v. Garland*, 601 U.S. 209, 218–19 (2024)).  In this case, Petitioner does not claim the immigration judge's grant of voluntarily departure was constitutionally deficient.  Rather, he

---

[2] The Court agrees that § 1240.26(b)(3) is the appropriate regulation in this case because Petitioner's voluntary departure was issued by an immigration judge, prior to the completion of his removal proceedings.  *See* ECF No. 8 at PageID ##: 109–10.  Section 1240.26(c) applies to voluntary departure after removal proceedings have concluded, which is not applicable in this case.

(3:26CV667)

challenges Respondents' interpretation of the "under safeguards" condition to mean continued detention. ECF No. 8 at PageID #: 109.

The Board of Immigration Appeals ("BIA") considered this question in *Matter of M-A-S*, 24 I&N Dec. 762 (BIA 2009). It noted therein that § 240.25 and § 1240.26 authorize DHS and immigration judges to attach conditions to voluntary departure orders, including "the posting of a bond, continued detention pending departure, and removal under safeguards." *Id*. at 765–66 (citing 8 C.F.R. 240.25(b)). The BIA found that "under safeguards" solely meant "continued detention" because there were no other limitations on the petitioner's voluntary departure. *Id*. Several courts have recognized and adopted that interpretation. *See El Badrawi v. United States*, 787 F. Supp. 2d 204, 231–32 (D. Conn. 2011) (holding that § 1240.26(b) permits an immigration judge to authorized continued detention "'to ensure the alien's timely departure.'"); *United States v. Gonzalez*, No. 15-CR-0021 (JMF), 2015 WL 3443942, at *2 (S.D.N.Y. May 29, 2015) (noting that when an immigration judge grants voluntary departure with safeguards, "the alien would remain in custody until he or she leaves the United States."); *Hernandez v. Warden, Eden Detention Ctr.*, No. 6:26-cv-00053-H, 2026 WL 593532, at *4 (N.D. Tex. Mar. 3, 2026) (holding the petitioner had no right to release because the immigration judge ordered his voluntary departure "under safeguards" requiring him to remain in custody); *Hidalgo*, 2026 WL 1287136, at *1 (same). The Court lacks jurisdiction to address the immigration judge's discretionary decision to impose detention until voluntary departure. Petitioner's habeas petition is, therefore, denied as moot.

(3:26CV667)

### III.    CONCLUSION

For the foregoing reasons, Respondents' Motion to Dismiss (ECF No. 4) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is denied and the Petition for Writ of Habeas Corpus (ECF No. 1) is denied as moot.


IT IS SO ORDERED.


May 22, 2026                                                      */s/ Benita Y. Pearson*
Date                                                              Benita Y. Pearson
                                                                 United States District Judge

8